Susan Foley, Esq., SBN 234319
Law Offices of Susan Foley
1212 W. Hillsdale Boulevard, Suite B
San Mateo, CA 94403
Tel: (650) 345-2300
susanfoley@aol.com

Attorney for Plaintiffs

GARCIA, HERNANDEZ SAWHNEY, LLP

ALBERT A. ERKEL, JR. (SBN 93793)
CONOR H. KENNEDY (SBN 281793)
LEAH SMITH (SBN 248910) 2490 Mariner Square Loop, Suite 140
Alameda, CA 94501
Phone: 510-295-4896
Fax: 510-380-7704
Email: aerkel@ghslaw.com
       ckennedy@ghslaw.com
       lsmith@ghslaw.com

Attorneys for SAN LEANDRO UNIFIED
SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GDR, a minor, YVONNE DAY-RODRIGUEZ AND REBECCA DAY-RODRIGUEZ, YVONNE DAY-RODRIGUEZ, as guardian ad litem for GDR, a minor,<br><br>Plaintiff(s),<br><br>vs.<br><br>SAN LEANDRO UNIFIED SCHOOL DISTRICT, a local educational agency,<br><br>Defendant. | Case Number: 19-cv-04747-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

This Court has federal subject matter jurisdiction over the case. 20 U.S.C. § 1331. There are no issues related to jurisdiction, venue or service of the pleadings.

2. **Facts**

**Plaintiffs' Summary Of The Facts :**

This case is an original action on appeal of a California State administrative proceeding before the California Office of Administrative Hearings ("OAH"), under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* Plaintiffs filed an action in this court for *de novo* review of the state hearing officer's holding that the District did not deny Plaintiff, GDR ("Student") an offer of a free appropriate public education ("FAPE") during the 2018-2019 school year.

Plaintiff, GDR, a minor and Student, through his parents and *Guardian ad Litem* in this action, filed a state administrative "due process" hearing request alleging that the District had failed to offer Student a FAPE for the 2018-2019 school year as the district is obligated to under the IDEA. Student is an 8-year old and lives in the jurisdictional boundaries of the District. Student was unilaterally placed by his parents at California Non-Public School, Wellspring Academy ("Wellspring").

Student's parents did not sign consent to the September 19, 2018, IEP. Student's parents provided the District with a 10-day notice of unilateral placement that he would be placed in a California Non-Public School that is certified to serve disabled Students under the California Education Code. Student's parents requested funding of that placement by the district. Student attended Wellspring throughout from November 2018 through June, 2019.

On February 18, 2019, Student filed an Amended Request for Hearing with the Office of Administrative Hearing. Student alleged the District's offers on Individualized Education Plans

dated August 9, 2018 and September 19, 2018, were not offers of a FAPE for GDR, based on the issues raised in his Request for Hearing.

Following a four-day evidentiary hearing, OAH issued its decision on May 31, 2019. In that decision, OAH held that Student had not met his burden of proving the IEP offers of August 9, 2018, and September 19, 2018, were denials of an offer of a FAPE.

**Defendant's Summary of Facts:**

This action filed pursuant to 34 C.F.R. § 300.516 is narrowly limited to the issues litigated before and decided by Administrative Law Judge Christine Arden of the OAH, who heard the underlying due process matter in San Leandro, California, on April 9, 10, 11, and 12, 2019 and on May 31, 2019 denied all relief sought by Student and deemed the District to be the prevailing party on all issues presented. Plaintiffs file this original action as "aggrieved parties" of Judge Arden's Decision and Order.

As the basis for the denied due process petition, Student challenged the District's compliance with its legal obligations to offer and provide Student a FAPE from two Individualized Education Programs ("IEPs"): one on August 9, 2018 and another on September 19, 2018.

At the August 9, 2018 IEP, District made an offer of FAPE that Judge Arden found to be "very clear" and "fully explained to Parents, so their opportunity to participate in the decision-making process regarding provision of a FAPE was not significantly impeded." The August 9, 2018 IEP offered Student an interim placement in a combination of Mild-to-Moderate Special Day Class ("SDC") (for approximately 55 percent of the school day) and general education (for approximately 45 percent of the school day), at Roosevelt, with a 10:1 student-teacher ratio in the SDC and a full day 1:1 aide trained in Applied Behavioral Analysis therapy. Upon receiving this clear offer – and despite withholding their consent previously – Student's Parents knowingly signed and consented to the interim placement at Roosevelt. Student attended the interim placement for only eight (8) days before his Parents removed Student from school. Judge Arden found Student "did not have adequate time to become accustomed to the new special day class, and the routine of his second grade schedule," based

on the SDC teacher's testimony that it takes most children up to three months to get used to the routine of a new school year.

At the September 19, 2018 IEP team meeting, the IEP team decided Student's difficulty transitioning between different classrooms during the day indicated he would benefit from spending all academic time in an SDC. The District offered Student a combination of special day class (for approximately 70 percent of the school day and all academic classes) and general education (for approximately 30 percent of the school day) at James Monroe Elementary ("Monroe"), with an even lower student-teacher ratio. The Monroe special day class would have had five children in it, including Student, with at least three adults, including the aide assigned to Student. The District also offered individualized occupational therapy and group speech therapy services. Parents did not consent to the September 19, 2018 IEP, on the stated basis that Student needed to be placed at a non-public school. Student never attended the SDC at Monroe. In November of 2018, Parents unilaterally placed Student in a non-public school attended exclusively by children with special needs for the remainder of the year.

After the due process hearing, Judge Arden ruled that Student "failed to meet his burden of proof on all issues presented." Student asked the OAH to decide whether the August 9, 2018 IEP offer violated the legal requirement that an IEP specify the "anticipated frequency, location, and duration" of special education services. The OAH rejected Student's argument, ruling that Student's class schedule "was thoroughly explained to Parents" during the August 9, 2018 IEP Team meeting. To the extent Student's Parents claimed the word "approximately" confused them about the District's offer, Judge Arden ruled that testimony was "not credible."

Student also asked the OAH to decide whether the student-teacher ratio and student body size at Roosevelt or the offered placement at Monroe unlawfully exceeded the ratio Student needed to benefit from his education. Judge Arden rejected this argument on the basis that there were only ten children in the SDC at Roosevelt, and Student also had "his own one-to-one aide." The Monroe placement offered an even lower ratio. Judge Arden ruled further that Roosevelt has a student body of

about 550 students; Monroe had even fewer; and Student failed to present experts, evidence, or any testimony to prove these were insufficient as a matter of law.

3. **Legal Issues**

**Plaintiffs' Statement of Legal Issues**

Whether or not the San Leandro Unified School District denied Plaintiff, GDR, a disabled child, a free, appropriate public education pursuant to the IEP offers dated August 9, 2018 through September 19, 2018. GDR alleges that the IEP offers denied him an offer of a FAPE that would have allowed him to benefit from his education. The legal issues arise from the Individual with Disabilities Education Act, reauthorized in 2004, and now known as the Individual with Disabilities Education improvement Act (IDEiA 2004.)

**Defendant's Statement of Legal Issues**

The Parties propose that this Court resolve the instant action on cross motions for summary judgment, wherein the Court will determine whether Plaintiff made an adequate showing, as reflected in the administrative record as to the following five issues, all five of which Judge Arden resolved in District's favor:

1) Did the District deny Student a FAPE in its August 9, 2018 offer to September 19, 2018 by failing to:
   a. Make a clear offer with regard to the amount of time Student would spend in a special day class, as opposed to a general education classroom;
   b. Offer a classroom with a sufficiently low student-to-teacher ratio and sufficient individualized instruction to allow him to benefit from his education; and
   c. Offer placement on a campus small enough and with a small enough student population to allow him to benefit from his education?
2) Did the District deny Student a FAPE from its September 19, 2018 offer by failing to:
   a. Offer a classroom with a sufficiently low student-to-teacher ratio and sufficient individualized instruction to allow him to benefit from his education; and

    b. Offer placement on a campus small enough and with a small enough student population to allow him to benefit from his education?

In addition to the legal issues set forth in the OAH's Decision and Order, this Court must decide the degree of deference it affords to Judge Arden's evidentiary findings as to Student's showing at hearing, including the respectively credibility of the District's witnesses and Plaintiffs' witnesses. As the Ninth Circuit standard affirmed in *Ojai Unified School District v. Jackson* 4 F.3d 1467, 1472-73 (9th Cir. 1993) establishes, OAH findings cannot "be ignored." *Id.* The Court "must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue." *Id.*

### 4. Motions

The Parties propose the case be resolved through simultaneously filed, cross-motions for Summary Judgment relating to the Decision and Order issued by the Office of Administrative Hearings, and they will seek to discuss this with the Court at the Scheduling Conference.

### 5. Amendment of Pleadings

The parties do not anticipate presenting amendments to the pleadings on file.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), they and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

Plaintiffs have provided the entire record to District's counsel, as Plaintiffs received that record from the Office of Administrative Hearings. Plaintiffs provided for the District to scan a copy of the record in the District's Office. District will lodge a copy of the scanned administrative record provided by Plaintiffs with this Court through a motion to lodge the record under seal. District will provide Plaintiffs' counsel with a copy of the lodged record.

7. **Disclosures**

The Parties have agreed to submit the record of the administrative proceeding to the court. Defendant exchanged Rule 26(a)(1) disclosures. Plaintiffs' counsel understands Rule26(a)(1) disclosures are not required for appeals of administrative decisions in IDEiA 2004 cases.

8. **Discovery**

The Parties do not anticipate requiring any discovery in this action since Plaintiffs file as "aggrieved parties" of the administrative Decision and Order, and the entire record of the administrative proceeding will be lodged with the Court under seal.

9. **Class Actions**

This is not a class action and there are no pending class actions relating to this case that the parties are aware of.

10. **Related Cases**

There are no related cases.

11. **Relief**

Plaintiffs' seek a Decision and Order reversing the Administrative Law Judge's Decision and Order dated May 31, 2019. Defendant seeks in its Answer attorneys' fees incurred in defense of this action.

12. **Settlement and ADR**

The Parties are willing to participate in a mediation session.

13. **Consent to Magistrate Judge for All Purposes**

Plaintiffs consented to a Magistrate Judge for all purposes. Defendant declined to consent to a Magistrate Judge.

14. **Other References**

At this time, the Parties do not believe this case is suitable for arbitration or for reference to a special matter or the Judicial Panel on Multi-District Litigation.

//

//

//

//

### 15. Narrowing of Issues

The issues are limited to the issues that were before the Administrative Law Judge ("ALJ") at the administrative level and are defined within the Prehearing Order issued by the ALJ that will be part of the record lodged by Defendant.

### 16. Expedited Trial Procedure

This case is not suitable for the Expedited Trial Procedure.

### 17. Scheduling

**Plaintiffs' Proposed Schedule:**

If the parties participate in a court referred mediation, the briefing schedule for cross-motions for summary judgment should be extended to allow for the mediation.

**Defendant's Proposed Schedule**

District submits the following proposed case schedule in compliance with Judge Chen's standing order entitled "Guidelines re Calculation of Trial Time Line." The proposed schedule is premised on the Parties' joint proposal to resolve this action through simultaneous, dispositive cross-motions for summary judgement. District is amenable to an earlier timeline than presented

below, given that the Parties do not anticipate presenting any further evidence to the Court that is not already part of the official Administrative Record.

    a) Cross motion for summary judgement to be filed and served on Thursday, August 20, 2020.

    b) Oppositions will be filed and served on Thursday, September 3, 2020.

    c) Replies will be filed and served on Thursday, September 10, 2020.

    d) Hearing on Thursday, September 24, 2020.

**18.** **Trial**

The Parties propose to the Court that this matter should be resolved on cross-motions for summary judgment, based entirely on the administrative record, without need for trial.

**19.   Disclosure of Non-party Interested Entities or Persons**

The Parties certify that there are not any persons, associations, firms, partnerships, corporations, or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in the party that could be substantially affected by the outcome of this proceeding.

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other**

At this time, there are no other issues for the Parties to bring to the Court's attention.

Dated: 1-23-2020

_____
Susan Foley, Attorney for Plaintiffs

Dated: 1-23-2020

/s/ Conor Kennedy
Conor Kennedy
Attorney for San Leandro Unified School District